IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY L. SELLERS,

      Plaintiff,                             No. CIV S-10-3260 LKK EFB PS

      vs.

ESPRESSO ROMA CORPORATION;
CAYCE WALLACE; SANDRA COLDIRON;

      Defendants.                     ORDER

_____/

      Plaintiff, who was proceeding in this action *pro se*, requests relief from the dismissal of this action on December 29, 2010. Dckt. No. 6. The action was closed by the Clerk's Office on December 29 after plaintiff voluntarily dismissed the case. Dckt. Nos. 4, 5. Plaintiff now "moves the court to relieve him from the effect of its dismissal order of December 29, 2010, because of mistake, inadvertence, surprise or excusable neglect." Dckt. No. 6 at 1.

      Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Plaintiff contends that after dismissing his case, the court sent plaintiff a copy of his "single page motion which showed that the Court received it one week EARLIER than it had received his amended complaint AND THREE WEEKS EARLIER than when he himself signed it." Dckt.

1  No. 6 at 2.  Plaintiff contends this document supports the allegations in plaintiff's complaint
2  regarding corruption of court officials.  *Id.*
3  　　　The "Original Filed" stamp on the copy of plaintiff's request to dismiss that was sent to
4  plaintiff (and that is attached to plaintiff's motion for relief from judgment) does, in fact, indicate
5  that the request to dismiss was filed on November 27, 2010, before it was signed by plaintiff.
6  *See* Dckt. No. 6 at 7.  However, a review of the docket in this action reveals that the request was
7  actually filed on December 27, 2010.  *See* Dckt. No. 4.  Nonetheless, to the extent plaintiff
8  contends that this conduct amounts to corruption by court officials, plaintiff can make such
9  allegations in a new complaint.  The new allegations in plaintiff's motion do not establish that
10 the dismissal of this case was the result of "mistake, inadvertence, surprise, or excusable
11 neglect."[1]  Accordingly, plaintiff's motion for relief from the dismissal of this action is denied.
12 　　　SO ORDERED.
13 　　　DATED: May 12, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's motion also "asks the court" whether plaintiff has a "viable case" against the defendants.  Dckt. No. 6 at 3.  To the extent plaintiff's motion seeks an advisory ruling from the court regarding the viability of his claims, plaintiff is notified that the court cannot provide such advisory rulings.